## ROBBINS *vs*. THE STATE.

1. When a husband is indicted for an assault and battery on his wife, he may show, in mitigation of the fine, that *at the time* of the assault he was immediately provoked to its commission by her bad behaviour and misconduct.

ERROR to the Circuit Court of Marshall.

Tried before the Hon. L. P. Walker.

The plaintiff in error was indicted for an assault and battery committed on his wife.  On the trial, he offered to give in evidence " her misconduct and bad behaviour at the time the alleged assault and battery was made, in mitigation of the offence charged, and for the consideration of the jury in their assessment of the fine."  The court excluded the evidence, to which the defendant excepted, and which he now assigns as error.

C. C. CLAY, Jr., and L. WYETH, for plaintiff in error.

In most of the States of the Union, as well as in England, the judge, and not the jury, assesses the *amount* of the fine, as well as fixes the term of imprisonment, in cases of this sort; and hence, in part, the paucity of decisions in *criminal prosecutions*, bearing on this particular point.  But in those States where the rule, as stated, prevails, the judge is informed before sentence, of those extenuating circumstances, which enable him to proportion the *penalty* to the actual *criminality*.

It is not proper, on the plea of not guilty, to allow extenuating circumstances to be given in evidence to the jury. They should be submitted to the court on sentence day.— Bay's R. 62.

In *civil* cases, frequent adjudications are found sustaining the principle that the attending circumstances should be made known to jury, in order that they might intelligently mete the punishment and compensate the wrong.

In civil actions for assault and battery, defendant may give in evidence mitigating circumstances, immediate provocations, &c.—1 Mass. R. 12.

Matter of provocation cannot be shown in justification, unless immediately preceding an assault and battery.—9 Miss. 531.

There is no difference, and there should be none, between the principles of evidence in civil and criminal cases.— Roscoe Cri. Ev. 1.

In the State of New York, where the judges assess the *fine* in assaults and batteries, it has been held that, "On an *indictment*, trial will not be stayed because a civil suit is pending for the same assault and battery, though it seems *judgment* may be stayed after conviction, until after the decision of the civil suit."

In Alabama, it has been held that the mere *pendency* of a civil suit for the same assault and battery, might be given in evidence in mitigation of, and to lessen the amount of the fine.—1 Stew. R. 399.

It is conceived, that abusive and improper conduct, immediately preceding the act complained of, is more to be regarded in estimating the quantum of *guilt* and *proper punishment*, than the mere fact that a civil suit for damages for the same wrong is pending or decided.

The bill of exceptions discloses the fact that the party assaulted was the wife of the defendant below. It is not denied, that a husband may be convicted for an assault and battery on his wife; but it is insisted, that by the ancient common law he had the power of chastising his wife, and although this doctrine finds no advocate in modern time, yet no "court of law in the last resort" has assumed the legislative function, and absolutely denied its present existence.

M. A. BALDWIN, Attorney General, for the State.

1. In an indictment for assault and battery, the rule is, that provocation immediately preceding the battery is admissible in mitigation of damages; *aliter*, if a cooling time elapse.— Jacanay v. State, 7 Yerger, 82–84; Wright v. State, 9 Ib. 342; Watson v. Christie, 2 B. & P. 244; Bull. N. P. 17; 1 Salk. 11.

2. The case of Autrey & Autrey v. State, 1 Stew. 399, relied on by defence, bears no analogy to this case. In that case it is said, that the reason why the pendency of a civil prosecution may be shown in mitigation of damages is, that the object of the law is the reformation of the offender; and this object may be accomplished as well by the civil as the criminal prosecution.

Evidence of the misconduct and bad behaviour of the injured party has no tendency to the reformation of the defendant. But if the provocation *immediately precedes* the battery, evidence of it is admissible out of regard to the frailty and passion of human nature. There is no evidence as to the time the wife misbehaved or acted badly.

CHILTON, J.—The question in this case is, whether, if a

husband commit a battery upon the wife, the circumstances of provocation attending it, which her bad behaviour and misconduct afforded, may be given in evidence to the jury in order to mitigate the fine. We think the law is, that circumstances of provocation occurring at the time, and immediately inciting the party to the unlawful act, may be received in extenuation to mitigate the fine. The law so far regards the frailty of human nature, as to distinguish between him who, upon sudden provocation, commits an unlawful act, and one who does it wantonly and deliberately. The same measure of punishment is not, and ought not to be applied indiscriminately to both. So in this case, if the husband was *at the time*, as is shown by the bill of exceptions, provoked to this unmanly act by the bad behaviour and misconduct of his wife, he should not be visited with the same punishment as if he had without provocation wantonly and brutally injured one whom it was his duty to nourish and protect.

It results from this view, that the evidence of provocation was improperly excluded from the jury, and the judgment is consequently reversed, and the case remanded.